# EXHIBIT A

| | SUM-100 |
|---|---|
| # SUMMONS<br>(CITACION JUDICIAL)<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Micron Consumer Products Group, Inc., a Corporation, and DOES 1 through 25, inclusive.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Isaak van Kempen, an Individual | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>FILED<br><br>JUL 18 2016<br><br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By_____ Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 N. First Street
San Jose, CA 95113

CASE NUMBER: *(Número del Caso):*
**16CV297748**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gretchen Birkheimer                                         Pierce & Shearer, LLP
2055 Woodside Road, Suite                                   650-843-1900
Redwood City, CA 94061

DATE: JUL 18 2016                          DAVID H. YAMASAKI             Clerk, by _____, Deputy
*(Fecha)*                                  Chief Executive Officer, Clerk  *(Secretario)*             *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Micron Consumer Products Group, Inc., a Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Isaak van Kempen

Andrew F. Pierce (State Bar No. 101889)
Gretchen Birkheimer (State Bar No. 222184)
PIERCE & SHEARER LLP
Woodside Corporate Center
2055 Woodside Road, Suite 110
Redwood City, CA 94061-3366
Phone: (650) 843-1900
Fax:    (650) 843-1999

Attorneys for Plaintiff
ISAAK van KEMPEN



ENDORSED
FILED
JUL 18 2016
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____ Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA
### UNLIMITED JURISDICTION

| | |
|---|---|
| ISAAK van KEMPEN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>MICRON CONSUMER PRODUCTS GROUP, INC. a Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **16CV297748**<br><br>**COMPLAINT**<br><br>JURY TRIAL REQUESTED<br><br>**BY FAX** |

Plaintiff ISAAK van KEMPEN alleges as follows:

### PARTIES

1.  Plaintiff ISAAK van KEMPEN ("Plaintiff") is, and at all times relevant hereto has been, a resident of the State of California. Plaintiff is over fifty years old. From June 2012 to February 2015, Plaintiff was an employee of Defendant MICRON CONSUMER PRODUCTS GROUP, INC. (hereafter "MICRON" or "Defendant") at its offices in Santa Clara County, California.

2.  Defendant MICRON is a limited liability company organized under the laws of the State of Delaware, employing more than 50 people within the State of California, and licensed to do business in the State of California.

3.  Plaintiff is ignorant of the true names and capacities, whether individual,

---

COMPLAINT                                    1                                    Case No.

1  corporate or otherwise of the defendants sued herein as Does 1-25, inclusive and therefore
2  sues these defendants by such fictitious names. Plaintiff is informed and believes and
3  thereon alleges that each of these fictitiously named defendants is responsible in some
4  manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged
5  were proximately caused by the conduct of the aforementioned defendants.

6      4.    Plaintiff is informed and believes and therefore alleges that at all relevant times
7  each of the defendants was the agent and/or principal of the other and acted within the course
8  and scope of such agency or employment. Plaintiff is informed and believes and thereon
9  alleges that each and every wrongful act by Defendants complained of herein was done with
10 the approval, express or implied, of each of the other Defendants, and each Defendant has
11 ratified and approved the acts and omissions of each of the others.

## ALLEGATIONS COMMON TO ALL COUNTS

13     5.    Plaintiff and his wife have a severely physically and mentally disabled adult
14 son who is unable to care for himself and requires round-the-clock personal care. Plaintiff
15 and Plaintiff's wife provide care and supervision for their son along with hired caregivers.
16 During early 2012, Plaintiff cared for his son while serving as an advisor, director and
17 consultant for a number of startups.

18     6.    A Micron employee suggested that Plaintiff apply for the Product Manager
19 role at Micron. Micron hired Plaintiff as a Product Manager in June, 2012. During the
20 interview process, Plaintiff discussed his son's care needs with several of the managers and
21 principals he met with. Plaintiff notified Micron that if he was hired, he would need to be
22 able to return to his home during lunch breaks to relieve his son's caregivers, transport his son
23 to doctors' appointments, and occasionally need to come in later than usual in the mornings.
24 Micron agreed to these conditions and allowed Plaintiff to work flexible hours so that he
25 could continue providing care to his son. Plaintiff, who has more than 20 years of experience
26 in product management, agreed to accept a below-market compensation package from Micron
27 in recognition of flexibility in his schedule.
28 ///

COMPLAINT      2      Case No.

6. When Plaintiff began work at Micron, he was given a perfunctory job description but was not told what his specific role and duties were to be. From the beginning of his employment, Plaintiff repeatedly asked his supervisor to provide specific guidance regarding his duties and role, and a comprehensive job description. Plaintiff received none of these things. In early 2013, the engineering and marketing teams expressed confusion about Plaintiff's role in relation to their teams. Plaintiff worked with his supervisor to develop a product management process, which was implemented in summer 2013 and satisfactorily addressed the questions raised by the marketing and engineering teams. However, he still did not have a functional job description, and many of the duties he was asked to perform on an ad-hoc basis were not consonant with the role of product manager.

7. In or around June, 2013, Plaintiff's son began experiencing health complications and required additional care. Plaintiff notified Micron of his need to exercise his rights under the California Family Rights Act (CFRA) and the Family Medical Leave Act (FMLA) to take leave from work to care for his son.

8. Plaintiff was eligible for leave under CFRA and the FMLA as he had been employed continuously for more than one year for the requisite hours and he was taking leave to care for the serious health condition of his son. Micron, via Plaintiff's supervisor Dr. Steve Melnicki, discouraged Plaintiff from taking the requested leave and asked him to postpone his leave in order to work around a co-worker's leave request. Micron also told Plaintiff to postpone his leave until after he had completed all of his ongoing work assignments.

9. Although the situation with his son was urgent, because of the pressure put on him to accommodate his co-worker's schedule and to "clear" his desk before his leave, Plaintiff reluctantly agreed to postpone his FMLA leave until the fall of 2013. In the interim, Dr. Melnicki suggested that Plaintiff shift his schedule to a 10 a.m. start time and work from home from 5 p.m. to 11 p.m. PST (hereafter "Modified Schedule.") Because Plaintiff was interacting primarily with companies in Asia at this time and often had late-night email dialog and, at times, very late-night calls and meetings, he agreed to the Modified Schedule. Plaintiff completed his responsibilities in full while working on the Modified Schedule.

9. In or about August, 2013, Dr. Melnicki was terminated and Micron appointed Ed Chelini as Plaintiff's supervisor. During his first one on one meeting with Mr. Chelini, Plaintiff notified Mr. Chelini that he had requested full time leave under the FMLA three months earlier to care for his son, that he would be taking that leave in the fall of 2013, and that he was on the Modified Schedule until he could take his leave. Mr. Chelini's response was to rescind the Modified Schedule, demand that Plaintiff arrive at the office by 9 a.m. daily, and warn Plaintiff that he should "fix his family situation."

10. Since Plaintiff had already postponed his leave for three months and his son's condition had not improved, Plaintiff contacted HR and scheduled his FMLA leave to commence on October 13, 2013.

11. On or about September 30, 2013, Plaintiff met with Mr. Chelini again and reminded him that Plaintiff's FMLA leave would begin on October 13, 2013. During this meeting, Plaintiff reminded Mr. Chelini that he needed defined job responsibilities. Plaintiff also solicited feedback about his performance and asked for specific recommendations for improvement. In response Mr. Chelini told Plaintiff to "work harder." Mr. Chelini's parting comment during that meeting was that Plaintiff would have to leave his employment if he could not "resolve his family situation," and that that "job separation" was likely if he did not "fix" the situation.

12. Plaintiff summarized his concerns to Mr. Chelini in a letter on or about October 10, 2013 again requesting that Mr. Chelini specifically identify any areas of performance concern, and asking Mr. Chelini to identify the bases for threatening "job separation." Mr. Chelini did not respond to this letter.

13. Plaintiff was on FMLA leave from October 13, 2013 through December 15, 2013. His performance reviews and informal feedback from his supervisors and peers up to this point had been positive, and he had not received any corrective actions, notices of performance deficiencies, warnings, disciplinary action, or other negative feedback.

14. In June, 2014, Plaintiff's title was changed to Program Manager to reflect that the duties and responsibilities he was being asked to complete were those of a Program

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900   Fax: (650) 843-1999

Manager rather than a Project Manager. At this time, Plaintiff renewed his request to Micron for a comprehensive job description. He did not receive one.

15. In September, 2014, Plaintiff's son's daytime caregiver left unexpectedly. Plaintiff's son is immobile and needs to be transferred regularly to prevent complications, and Plaintiff's wife is unable to lift their son. On September 8, 2014, at or about 8:30 a.m., Plaintiff notified Micron's Human Resources that he needed additional FMLA leave to provide physical care to his son. At 3:00 p.m. that same day, Plaintiff received a Notice of Corrective Action from Mr. Chelini claiming various deficiencies in Plaintiff's job performance, none of which had been identified to Plaintiff prior to receiving the Notice.

16. Plaintiff's second period of FMLA leave began on September 23, 2014.

17. During Plaintiff's leave, individuals at Micron made comments to Plaintiff indicating they believed Plaintiff was receiving his usual salary from Micron during his FMLA leave and that Plaintiff was "taking advantage" of Micron. In fact, Plaintiff's FMLA leave from Micron was entirely unpaid. Other employees asked Plaintiff if he had enjoyed his "time off" and how his "vacation" had been.

18. Plaintiff's FMLA leave ended December 22, 2014. On December 23, Mr. Chelini notified Plaintiff that he was being reassigned and would, from that point forward, focus exclusively on implementing Product Lifecycle Management ("PLM") technology instead of serving as Program Manager. Mr. Chelini also notified Plaintiff that the Corrective Action remained in place, despite the fact that Plaintiff was no longer performing the role that the Corrective Action applied to.

19. Plaintiff is informed and believes and thereon alleges that the individual who was assigned to take over Plaintiff's job as Program Manager is in his thirties and had no previous experience in program management.

20. On or about January 14, 2015, Mr. Chelini delivered Plaintiff's annual review. It contained a number of criticisms regarding company errors that took place while Plaintiff was on leave, claimed that Plaintiff had not completed an assignment that Plaintiff had in fact completed, and purported to provide feedback (for the first time) relating to meetings that had

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900   Fax: (650) 843-1999

taken place several months before Plaintiff's leave. It also included 360 feedback from individuals who did not work directly with Plaintiff, and failed to include any feedback from the individuals Plaintiff had worked with most consistently during his time at Micron.

21. Plaintiff replied to the review on or about January 30, 2015. In his written reply, he clarified to Mr. Chelini that he had not been paid by the company during his FMLA leave, and highlighted the vagueness and ambiguity in the review and his belief that the review had been engineered for the purpose of terminating him in retaliation for taking FMLA leave.

22. On February 6, 2015, Micron terminated Plaintiff's employment.

23. Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH). The DFEH issued a Right-to-Sue Notice on September 8, 2015.

**FIRST CAUSE OF ACTION**
**AGE DISCRIMINATION**
**[Government Code § 12940]**
**(Against All Defendants)**

24. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

25. By its acts and omissions alleged above, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's age in violation of California Government Code § 12940 et seq., by, inter alia, terminating Plaintiff and replacing him with a younger, less experienced, less qualified employee.

26. As a direct and foreseeable result of Defendant's unlawful discrimination, Plaintiff has suffered, and will continue to suffer, generally physical, mental and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish and emotional distress, all to his damage in amounts within the jurisdictional limits of this Court, to be proved at trial.

27. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct,

1  Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages
2  and salary, bonuses, compensation, employment benefits, career path opportunities, and
3  expenses in amounts to be proved at trial.

4      28.    In acting as alleged above, Defendant acted maliciously, fraudulently,
5  despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an
6  improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.
7  Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at
8  trial.

9      29.    As a result of Defendant's acts of discrimination as alleged herein, Plaintiff i
10  entitled to reasonable attorney's fees and costs of suit as provided for by California
11  Government Code §12965(b).

12      WHEREFORE, Plaintiff prays judgment against Defendants as set forth below.

### SECOND CAUSE OF ACTION
### WRONGFUL TERMINATION - PUBLIC POLICY
[Age Discrimination, Government Code § 12940, et seq.]
(Against All Defendants)

16      30.    Plaintiff hereby incorporates by reference all preceding paragraphs as if fully
17  set forth herein.

18      31.    As set forth herein, Defendant wrongfully terminated the employment of
19  Plaintiff in violation of various fundamental public policies of the State of California. The
20  fundamental public policies are embodied in: California Government Code § 12940 et seq.
21  and various other statutes of the State of California and the United States. Among other
22  things, such fundamental public policies prohibit employers from discriminating against
23  employees on the basis of age.

24      32.    As a direct and foreseeable result of Defendants' wrongful termination in
25  violation of public policy, Plaintiff has suffered, and will continue to suffer, generally
26  physical, mental and psychological damages in the form of extreme and enduring worry,
27  suffering, pain, humiliation, embarrassment, mental anguish and emotional distress, all to his
28  damage in amounts within the jurisdictional limits of this Court, to be proved at trial.

    33.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct,

Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, compensation, employment benefits, career path opportunities, and expenses in amounts to be proved at trial.

34. The conduct of Defendants as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of injuring Plaintiff, thereby entitling Plaintiff to an award of punitive damages in amounts to be proved at trial.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth below.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION - PUBLIC POLICY
### [FMLA and CFRA]
### (Against All Defendants)

35. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

36. As set forth herein, Defendant wrongfully terminated the employment of Plaintiff in violation of various fundamental public policies of the State of California and the United States. The fundamental public policies are embodied in: the California Family Rights Act, California Government Code § 12945, et seq. (CFRA) and the Family Medical Leave Act 29 U.S.C.A. § 2611, et seq. (FMLA) and various other statutes of the State of California and the United States. Among other things, such fundamental public policies prohibit employers from discriminating, discharging or retaliating against an employee for exercising any right under FMLA or CFRA.

37. As a direct and foreseeable result of Defendants' wrongful termination in violation of public policy, Plaintiff has suffered, and will continue to suffer, generally physical, mental and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish and emotional distress, all to his damage in amounts within the jurisdictional limits of this Court, to be proved at trial.

38. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
Phone: (650) 843-1900  Fax: (650) 843-1999

1  and salary, compensation, employment benefits, career path opportunities, and expenses in
2  amounts to be proved at trial.
3     39.  The conduct of Defendants as alleged above, was malicious, fraudulent,
4  despicable, and oppressive and was done with the wrongful intent of injuring Plaintiff,
5  thereby entitling Plaintiff to an award of punitive damages   in amounts to be proved at trial.
6     WHEREFORE, Plaintiff prays judgment against Defendants as set forth below.

### FOURTH CAUSE OF ACTION
### RETALIATION
### [California Gov't Code § 12945, et seq.)
### (Against All Defendants)

10    40.  Plaintiff hereby incorporates by reference all preceding paragraphs as if fully
11 set 12  forth herein.
12    41.  California Gov't Code § 12945, et seq. (CFRA) prohibits employers from
13 retaliating against an employee for exercising any right under CFRA.
14    42.  By their acts and omissions alleged above, Defendants violated CFRA by
15 terminating Plaintiff's employment for, inter alia, exercising his right to medical leave under
16 CFRA.
17    43.  As a direct and foreseeable result of Defendants' retaliation, Plaintiff has
18 suffered, and will continue to suffer, generally physical, mental and psychological damages in
19 the form  of extreme and enduring worry, suffering, pain, humiliation, embarrassment,
20 mental anguish and emotional distress, all to her damage in amounts within the jurisdictional
21 limits of this Court, to be proved at trial.
22    44.  As a direct, foreseeable, and proximate result of Defendants' unlawful
23 conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of
24 wages and salary, compensation, employment benefits, career path opportunities, and
25 expenses in amounts to be proved at trial.
26    45.  The conduct of Defendants as alleged above, was malicious, fraudulent,
27 despicable, and oppressive and was done with the wrongful intent of injuring Plaintiff,
28 thereby entitling Plaintiff to an award of punitive damages in amounts to be proved at trial.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth below.

## FIFTH CAUSE OF ACTION
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
## [29 U.S.C. 2614(a) and 2615(a)(2), (b)]
## (Against All Defendants)

46. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

47. At all times relevant herein, Defendants, and each of them, were employers subject to the Family and Medical Leave Act, 19 U.S.C. §2614(a) *et seq.* (hereafter "FMLA").

48. Plaintiff notified Defendants of his intent to take FMLA leave, and did take FMLA leave, on two occasions during his employment with Defendants.

49. By their acts and omissions alleged above, including, *inter alia*, requiring Plaintiff to postpone his leave, requiring him to complete all pending projects before taking leave, threatening to terminate Plaintiff's employment if he did not "fix" his "family situation," and by repeatedly insisting that Plaintiff return early from leave, Defendants interfered with, restrained, and discouraged Plaintiff from exercising his rights under the FMLA.

50. By their acts and omissions alleged above, including, *inter alia*, issuing a Corrective Action to Plaintiff after he requested FMLA leave, issuing a negative performance review to Plaintiff after his return from FMLA leave, failing to return Plaintiff to his former position after his return from FMLA leave, and terminating Plaintiff after he returned from FMLA leave, Defendants intentionally deprived Plaintiff of his rights and equal employment opportunities, and otherwise adversely affected his status as an employee, in violation of the FMLA.

51. Because Plaintiff had exercised his rights under the Family and Medical Leave Act as set forth above, he was retaliated against by Defendants, and each of them, in the manner hereinabove alleged, in violation of the Family and Medical Leave Act, 19 U.S.C. §2615(a)(2).

///

52. Each of the Defendants engaged in the above-alleged actions with the intent of discriminating and retaliating against Plaintiff on account of his protected activity of requesting and taking medical leave under the FMLA.

53. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, compensation, employment benefits, career path opportunities, and expenses in amounts to be proved at trial.

54. On information and belief, the person(s) who committed the unlawful acts described herein was (or were) an officer(s), director(s) and/or managing agent(s) of Defendants and was or were acting within the scope of his, her or their employment.

55. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, compensation, employment benefits, career path opportunities, and expenses in amounts to be proved at trial.

56. As a result of Defendants' acts of discrimination and retaliation as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided for by 29 U.S.C.A. § 2617(a)(3).

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1) An award of special damages in amounts within the jurisdictional limits of this Court, including back pay with prejudgment interest, as proved at trial;

2) An award of general damages in amounts within the jurisdictional limits of this Court as proved at trial;

3) An award of punitive damages;

4) An award of interest, including prejudgment interest, at the legal rate;

5) An award of liquidated damages;

6) An award of reasonable attorneys' fees as allowed by law;

7) An award of litigation costs; and

8) For such other and further relief as the Court deems proper.

Dated: July 18, 2016

PIERCE & SHEARER LLP

By: _____
Andrew F. Pierce
Gretchen Birkheimer
Attorneys for Plaintiff
ISAAK van KEMPEN

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all of the above issues.

Dated: July 18, 2016

PIERCE & SHEARER LLP

By: _____
Andrew F. Pierce
Gretchen Birkheimer
Attorneys for Plaintiff
ISAAK van KEMPEN

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Andrew F. Pierce (SB#101889) Gretchen Birkheimer (SB# 222184)<br>Pierce & Shearer, LLP<br>2055 Woodside Road, Suite 110<br>Redwood City, CA 94061<br>TELEPHONE NO.: 650-843-1900   FAX NO.: 650-843-1999<br>ATTORNEY FOR *(Name):* Plaintiff Isaak van Kempen | | **FOR COURT USE ONLY**<br>ENDORSED<br>FILED<br>JUL 18 2016<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By: _____ Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara County<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: Civil - Unlimited | | |
| CASE NAME: Isaak van Kempen v. Micron Consumer Products Group, Inc. | | |
| **CIVIL CASE COVER SHEET**<br>[X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**16CV297748**<br>JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [X] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 7/18/2016                                                        By Fax

Gretchen Birkheimer                                   ▶ /s/ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | *Martin Dean's*<br>**ESSENTIAL FORMS™** | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Isaak van Kempen

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]   *Martin Dean's* ESSENTIAL FORMS™   **CIVIL CASE COVER SHEET**   Page 2 of 2

Isaak van Kempen

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*  CASE NUMBER: ~~16CV297748~~
*191 N. First St., San Jose, CA 95113*

**PLEASE READ THIS ENTIRE FORM**

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> *DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**
>
> 1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
> 2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you, as the Defendant, do not follow these instructions,
> you may automatically lose this case.

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

> Your Case Management Judge is: **Mary E. Arand**                  Department: **09**
>
> The 1st CMC is scheduled for: (Completed by Clerk of Court)
>                 Date: **NOV 15 2016**    Time: **1:30pm**   in Department: **09**
> The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
>                 Date: _____    Time: _____  in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012 REV 7/01/08              **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

---

CV-5003 REV 6/26/13    **ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**